Argued March 21; affirmed April 9, 1935

## LEE *v.* LEE
(43 P. (2d) 182)

*Robin D. Day,* of Salem, for appellant.
*Emmons & Emmons,* of Salem, for respondent.

BAILEY, J. The plaintiff and the defendant were intermarried in Clackamas county in March, 1931. At the time of the marriage the plaintiff, Albert David Lee, was approximately 41 and the defendant, Sarah E. Lee, 43 years of age. Both had previously been married. The plaintiff is an ex-service man and had been severely injured in the World war, for which injuries he was receiving from the federal government $100 monthly as compensation for total disability. He was, however, able to do light work when that was obtainable.

Upon their marriage the parties took up their residence in a house which plaintiff, prior thereto, had con-

tracted to buy on the installment plan. Two of defendant's children, young women, made their home with the plaintiff and the defendant for a short time. Out of his hundred dollars per month plaintiff paid $30 on the house, $21.60 on his automobile and $20 on furniture which he had bought for the house, leaving only slightly over $28 for household expenses for four people and other living costs.

Due to dissatisfaction with their limited means, and other matters not necessary here to relate, there was little happiness in this union. In January, 1933, the parties separated and the defendant proceeded to have 30 per cent of plaintiff's compensation allotted to her. In April following, the plaintiff instituted suit for divorce, and while that was pending he made overtures to defendant. About June 1 of that year the parties went back to live together, after dismissal of that suit. Before the defendant would permit the plaintiff to return to her she caused to be prepared a typewritten statement or declaration which plaintiff was obliged to sign, making certain promises as to his future conduct. This second attempt to live together proved futile and early in September, 1933, the parties again separated.

The circuit court awarded a decree of divorce to the plaintiff, and we are not inclined to disturb that decree on the record before us. Due to the plaintiff's injuries his disposition was not at all times either pleasant or even. The defendant before marrying him knew of his condition, although she may not have had opportunity to observe the effect it had upon his temperament.

Before their final separation the defendant, realizing that plaintiff's uncertainties of disposition were due to his physical condition, strenuously urged him to enter a veterans' hospital for treatment, and prom-

ised him that if such treatment should cure or improve him she would again live with him. He did not, however, comply with her request. From the record it is apparent that the defendant definitely refused to live with the plaintiff except upon the condition indicated. She admits that their married life was not congenial and that the only way to save each of them much mental anguish was to separate.

The defendant since about March 1, 1933, has been receiving 30 per cent of plaintiff's pension. Her only purpose in resisting the divorce, apparently, is to retain this income.

The decree appealed from is affirmed, neither party to recover costs.

CAMPBELL, C. J., and BEAN and RAND, JJ., concur.